UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |
|---|---|
| DWAYNE M. HERBERT, | CASE NO. 1:22-cv-00533 |
| Plaintiff, | OPINION & ORDER |
|  | [Resolving Docs. 14, 15] |
| v. |   |
| COMMISSIONER OF SOCIAL SECURITY, |   |
| Defendant. |   |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Dwayne Herbert seeks review of Defendant Commissioner of Social Security's final decision denying disability benefits.[1] Plaintiff Herbert argues that the Administrative Law Judge (ALJ) improperly evaluated medical opinions, conducted a flawed analysis of his residual functional capacity (RFC), and wrongly discounted Herbert's subjective complaints.[2]

Magistrate Judge Knapp filed a Report and Recommendation (R&R) agreeing with Plaintiff and recommending that the Court vacate the ALJ's decision and remand this case for further proceedings.[3] The Commissioner objected,[4] and Plaintiff responded.[5]

For the following reasons, the Court **OVERRULES IN PART** the Commissioner's objections, **ADOPTS IN PART** the R&R, **VACATES** the ALJ's decision, and **REMANDS** this case for further proceedings consistent with this Order and the adopted portions of the R&R.

---

[1] Doc. 1.
[2] Doc. 9 at 1–2, 13.
[3] Doc. 14.
[4] Doc. 15.
[5] Doc. 16.

Case No. 1:22-cv-00533
GWIN, J.

## I. BACKGROUND

In June 2014, Plaintiff Herbert filed applications for Disability Insurance and Supplemental Security Income benefits.[6] He claimed that he was disabled due to heart problems, including a heart attack, and COPD.[7] At a hearing in front of the ALJ, Herbert also claimed that he was disabled due to back pain.[8]

On April 27, 2017, the ALJ denied Herbert's applications.[9] In her decision, the ALJ considered two opinions from state reviewing doctors that Herbert could perform light work.[10] The ALJ gave those opinions great weight, and ultimately found that Herbert's RFC allowed light work.[11]

The Appeals Council vacated the April 2017 decision and remanded to the ALJ for further proceedings.[12] The Council explained that the ALJ was wrong to deny Plaintiff Herbert a supplemental hearing.[13] The Council also found that the ALJ made errors when discussing how Herbert's RFC limited his exposure to certain hazards, when discussing the jobs that Herbert could perform given his RFC, and when assessing Herbert's subjective complaints.[14]

On remand, in a May 9, 2019 decision, the ALJ again denied Herbert's applications.[15] The ALJ evaluated Herbert's RFC anew, but this time she gave the state doctors' opinions little weight and found that Herbert could perform medium-level work.[16] The primary

---

[6] Doc. 7 at 190–93, 343. Citations to the transcript are to the printed transcript page numbers.
[7] *Id.* at 190–93.
[8] *Id.* at 91–93, 109.
[9] *Id.* at 207–18.
[10] *Id.* at 216.
[11] *Id.* at 214, 216.
[12] *Id.* at 219–22.
[13] *Id.* at 220.
[14] *Id.* at 220–21.
[15] *Id.* at 46–61.
[16] *Id.* at 53, 58.

- 2 -

Case No. 1:22-cv-00533
GWIN, J.

difference in the record between the April 2017 and May 2019 decisions was that Herbert had suffered a second heart attack in 2018.[17]

On May 9, 2023, Magistrate Judge Knapp issued her R&R recommending that the Court vacate and remand.[18]

## II. LEGAL STANDARD

When a party objects to a magistrate judge's recommendations, courts review the objected-to portions of those recommendations de novo.[19]

The underlying Social Security decision is reviewed only to decide whether it is "supported by substantial evidence and [] made pursuant to proper legal standards."[20] Whether the ALJ applied proper legal standards is a question that courts consider de novo.[21] But substantial evidence is a much more deferential standard of review.[22]

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[23] When reviewing for substantial evidence, the Court cannot re-weigh the evidence, make credibility determinations, or resolve conflicting testimony.[24] And even if there is substantial evidence for an opposite result, the Court must affirm if there is also substantial evidence supporting the ALJ's decision.[25] However, the Court reviews "the record as a whole" and may consider record evidence that the ALJ did not cite. [26]

---

[17] Doc. 7 at 617.
[18] Doc. 14.
[19] 28 U.S.C. § 636(b)(1).
[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citation omitted).
[21] *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018).
[22] *Id.* at 745.
[23] *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).
[24] *Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 196 (6th Cir. 2020) (citation omitted).
[25] *Cardew*, 896 F.3d at 745–46 (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)).
[26] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Case No. 1:22-cv-00533
GWIN, J.

### III. DISCUSSION

In her R&R, the Magistrate Judge faulted the ALJ for mistakes in: (1) assessing the state doctors' opinions; (2) determining Plaintiff Herbert's RFC; and (3) evaluating Herbert's subjective complaints.[27] The Magistrate Judge relied on similar reasons to find each of those three mistakes.[28]

Although the Court does not agree with all of the Magistrate Judge's reasoning, it agrees with enough of the R&R that it will adopt the Magistrate Judge's ultimate recommendation to vacate and remand.

*First*, the Magistrate Judge found that the ALJ's May 2019 decision was "undermin[ed] [by] the fact that the ALJ previously found Mr. Herbert to be limited to a light RFC in the vacated 2017 ALJ Decision."[29]

However, a vacated decision has no binding effect, and an "ALJ [is] not required to justify any discrepancies between the [] findings in his [prior vacated and in his current] decisions."[30] The Court therefore does not adopt the R&R to the extent it recommends vacating and remanding on the basis that the May 2019 decision conflicts with the vacated April 2017 decision.

*Second*, the Magistrate Judge concluded that "a review of the whole decision does not demonstrate that the ALJ acknowledged the significance of the second heart attack" that Plaintiff Herbert suffered in 2018.[31]

---

[27] Doc. 14 at 20–35.
[28] *See id.* at 28, 34 (noting that the flaws in the ALJ's decision evaluating Plaintiff Herbert's RFC and subjective complaints mirror the flaws in the ALJ's evaluation of the state doctors' opinions).
[29] *Id.* at 27.
[30] *Mason v. Berryhill*, No. 4:18-cv-00865, 2019 WL 2465316, at *22 (N.D. Ohio Mar. 6, 2019), *report and recommendation adopted sub nom. Mason v. Comm'r of Soc. Sec.*, 2019 WL 3797930 (N.D. Ohio Aug. 13, 2019).
[31] Doc. 14 at 25.

Case No. 1:22-cv-00533
GWIN, J.

Faulting the ALJ for failing to recognize the "significance" of that second heart attack is the same as faulting the ALJ for not properly weighing the evidence. When reviewing for substantial evidence, though, a court may not re-weigh the evidence.[32] Because the ALJ considered the second heart attack in her decision,[33] the Court cannot blame her for not giving that heart attack greater weight. So, the Court does not adopt the R&R to the extent it finds that the ALJ wrongly analyzed the second heart attack.

*Third*, the Magistrate Judge criticized the ALJ for finding that opinions from the state reviewing doctors were not supported by the medical evidence.[34] That is because, while the ALJ found that "unremarkable physical examinations and [Mr. Herbert]'s ejection fractions (EF) ranging from 50[%] to 75[%]" undermined the state doctors' opinions, the state doctors had already considered similar physical examination and ejection fraction evidence before giving their opinions.[35]

The Commissioner objects that the ALJ did not have to address the evidence that the state doctors relied on because the applicable Social Security regulations do not contain a reasons-giving requirement.[36] This Commissioner objection misses the point.

The problem with the ALJ's decision is not a lack of explanation, as the Commissioner seems to believe. Rather, the issue is that the ALJ did not apply the proper legal standards for evaluating medical opinions. Instead, the ALJ substituted her own medical judgment for the state doctors' medical judgment.[37]

---

[32] *Rottmann*, 817 F. App'x at 196.
[33] Doc. 7 at 56.
[34] Doc. 14 at 24.
[35] *Id.* (alterations in original) (quoting Doc. 7 at 58).
[36] Doc. 15 at 2.
[37] *See Anderson v. Comm'r of Soc. Sec.*, No. 1:19-cv-00950, 2020 WL 6143658, at *4 (N.D. Ohio Oct. 19, 2020) (an ALJ fails to apply the correct legal standards when she improperly makes medical judgments).

- 5 -

Case No. 1:22-cv-00533
GWIN, J.

It is well-established that an ALJ may not play doctor by making medical judgments.[38] Although the ALJ may "assess[] the medical . . . evidence before rendering a residual functional capacity finding,"[39] she crosses a line if she "substitutes [her] knowledge for that of a physician or medical expert and interprets raw medical data."[40] That means the ALJ "impermissibly plays doctor when [s]he rejects a treating physician's opinion as implausible based on the ALJ's own diagnostic judgments or lay interpretation of the medical data."[41] That is precisely what happened here.

The state doctors concluded that Plaintiff Herbert was limited to light work.[42] In forming that opinion, the state doctors reviewed Plaintiff Herbert's medical record and considered medical evidence showing that Herbert received normal physical examinations and had ejection fractions between 50–60%.[43] Put another way, it was their opinion that Herbert was limited to light work *despite* the normal examinations and ejection fractions.

Yet, the ALJ discredited the state doctors' opinions using virtually identical evidence: normal examinations and ejection fractions between 50–75%.[44] Evidently, the ALJ interpreted this raw medical data differently than the state doctors did, believing that the data meant Herbert was able to perform more than light work. In doing so, the ALJ impermissibly

---

[38] *Chidsey v. Kijakazi*, No. 1:20-cv-01858, 2022 WL 4599195, at *9 (N.D. Ohio Sept. 30, 2022) (citation omitted); *see also Meece v. Barnhart*, 192 Fed. App'x 456, 465 (6th Cir. 2006) (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)) ("But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.").
[39] *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).
[40] *Fowler v. Comm'r of Soc. Sec. Admin.*, No. 1:21-cv-01708, 2022 WL 3648436, at *13 (N.D. Ohio Aug. 9, 2022) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726 (6th Cir. 2013)), *report and recommendation adopted*, 2022 WL 3647771 (N.D. Ohio Aug. 24, 2022); *see also Meece*, 192 F. App'x at 465 ("[T]he ALJ may not substitute his own medical judgment for that of the treating physician . . . .").
[41] *Nimrod v. Kijakazi*, No. 1:20-cv-00678, 2021 WL 4291224, at *9 (N.D. Ohio Sept. 21, 2021) (internal quotations omitted) (quoting *Mascaro v. Colvin*, No. 1:16-cv-00436, 2016 WL 7383796, at *11 (N.D. Ohio Dec. 1, 2016).
[42] Doc. 7 at 203–04, 601–04.
[43] The first doctor expressly noted ejection fractions between 50–60%. *Id.* at 607. And the second doctor considered evidence showing that Herbert had ejection fractions of 55–60% and that "his PE's [physical examinations] have all been normal." *Id.* at 202–03.
[44] *Id.* at 58.

Case No. 1:22-cv-00533
GWIN, J.

played doctor by relying on her own lay interpretation of medical data to disregard the state doctors' opinions.[45] As a result, this case must be remanded so that the ALJ can properly evaluate the state doctors' medical opinions.

*Fourth*, the Magistrate Judge faulted the ALJ for suggesting that Plaintiff Herbert was able to perform medium work during his disability period.[46] The Magistrate Judge noted that, while Herbert attempted to work during the disability period, the record shows that he was not able to perform all the tasks that his jobs required and that he was ultimately fired for that reason.[47] The Commissioner did not respond to this issue in her objections.[48] The Court agrees with the Magistrate Judge.

Social Security regulations define medium work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."[49] But nothing in the record shows that Herbert was able to do this at his jobs.

After Herbert filed his Social Security applications, he attempted to work at a car recycling company and a car seat supplier.[50] At the car recycling company, Herbert was required to lift between 50–300 pounds with the assistance of co-workers, and to flip over car motors that weighed between 500–600 pounds.[51]

However, Herbert explained that he was never able to complete those tasks. Herbert testified that his younger co-workers needed to help him with flipping the motors.[52] Herbert

---

[45] *See Nimrod*, 2021 WL 4291224, at *9 ("The ALJ's apparent conclusion— that normal neuropsychological testing negates Plaintiff's seizures or their severity thereby undermining Dr. Feudo's opinions—amounts to an impermissible medical determination the ALJ had no expertise to make.").
[46] Doc. 14 at 26.
[47] *Id.*
[48] *See* Doc. 15.
[49] 20 C.F.R. § 404.1567(c).
[50] Doc. 7 at 76–77, 79–80.
[51] *Id.* at 138–41.
[52] *Id.* at 79.

Case No. 1:22-cv-00533
GWIN, J.

also revealed that he struggled with using a cutting torch that weighed only three or four pounds, suffering pain from holding the torch and requiring constant rest.[53] Indeed, Herbert was fired for being unable to perform.[54]

As for Herbert's second job at the car seat supplier, the record does not demonstrate that this second job required medium work. At that job, Herbert inspected the welds on car seats, which required him to lift no more than a marker.[55] And even then, Herbert was not able to keep up with the demands of that job.[56]

So, contrary to the ALJ's decision, Herbert was not "ab[le] to return to medium work (or heavier) for several months after the State Agency reviewed his case."[57] At most, the record shows that Herbert tried to work, but failed to perform. For the ALJ to suggest otherwise mischaracterizes the record. It is appropriate to remand this case so that the ALJ can properly evaluate Herbert's attempts to work during the disability period.[58]

*Fifth*, the Magistrate Judge determined that the ALJ was wrong to suggest a lack of opinions from Herbert's treating doctors undermined Herbert's disability claims.[59] The Commissioner objects that the ALJ could reasonably draw inferences from the lack of supporting doctors' opinions during certain periods to infer that "no medical source thought [Herbert] was significantly impaired."[60]

---

[53] Doc. 7 at 79, 108.
[54] *Id.* at 77–78.
[55] *Id.* at 80–82
[56] *Id.* at 103–07.
[57] *Id.* at 58.
[58] *See James G. v. Comm'r of the Soc. Sec. Admin.*, No. 3:21-cv-00153, 2022 WL 4376239, at *4–5 (S.D. Ohio Sept. 22, 2022) (remanding when the ALJ mischaracterized evidence in the record).
[59] Doc. 14 at 26.
[60] Doc. 15 at 3 (quoting *Watson v. Astrue*, No. 5:11-cv-00717, 2012 WL 699788, at *5 (N.D. Ohio Mar. 1, 2012)).

Case No. 1:22-cv-00533
GWIN, J.

The Commissioner's proposed inference may be acceptable in the abstract. But Social Security determinations must be "made in light of the record as a whole,"[61] and an ALJ may not simply "cherry-pick" portions of the record that support her conclusions.[62] In this case, the ALJ ignored evidence that Herbert was homeless and did not have health insurance.[63] This evidence cuts against the inference that medical sources did not believe Herbert was impaired. Instead, it offers an alternative explanation: Herbert was simply unable to afford seeing a doctor.

Since the ALJ ignored evidence that cut against her inference and conclusion, it is appropriate to remand this case for the ALJ to further consider the effects of Herbert's lack of insurance and homelessness.

*Finally*, the Magistrate Judge determined that that gaps in treatment and medication compliance did not undercut Plaintiff Herbert's claims of disability because Herbert's homelessness and lack of insurance explained those gaps.[64] The Commissioner did not directly address this point in her objections to the Magistrate Judge's recommendation. Instead, the Commissioner protested that she did not have notice and an opportunity to respond to the argument.[65] Alternatively, the Commissioner argues that it was harmless for the ALJ not to consider Herbert's homelessness and insurance issues.[66]

The Court has already explained that it was an error for the ALJ to ignore evidence of Herbert's homelessness and lack of insurance. The Commissioner's arguments do not excuse that error.

---

[61] *Rogers*, 486 F.3d at 249.
[62] *See Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 435 (6th Cir. 2013).
[63] *See, e.g.*, Doc. 7 at 137, 157–59, 759 (lack of insurance); *id.* at 75–76, 945 (homelessness).
[64] Doc. 14 at 28.
[65] Doc. 15 at 6–7.
[66] *Id.*

- 9 -

Case No. 1:22-cv-00533
GWIN, J.

Even if the Commissioner did not have a chance to respond before the Magistrate Judge issued the R&R, the Commissioner was able to respond when objecting to the R&R. In fact, the Commissioner did respond,[67] so it is not a problem for the Court to consider this point.

Additionally, the ALJ's error is not harmless. The Commissioner points to normal objective findings, a lack of opinion evidence, and a single emergency room discharge note indicating "no restrictions" as substantial evidence supporting the ALJ's decision.[68] But the Court found above that the ALJ made mistakes in dealing with the normal objective findings and lack of opinion evidence, leaving only the discharge note as properly evaluated evidence supporting the ALJ's decision. And that discharge note alone does not make the ALJ's mistake harmless. As the Commissioner conceded, "standing alone, the discharge note is not sufficient to show that Plaintiff was not disabled."[69]

This error, taken together with each of the ALJ mistakes identified above, goes directly to the merits of the Commissioner's decision not to award disability benefits. Therefore, remand is necessary to allow the ALJ to fix those mistakes and re-evaluate Plaintiff Herbert's case.

## IV. CONCLUSION

The Court **OVERRULES IN PART** the Commissioner's objections and **ADOPTS IN PART** the R&R. The Court adopts all portions of the R&R except for those that the Court expressly declined to adopt above.

---

[67] Doc. 15 at 7.
[68] *Id.*
[69] *Id.* at 4; *see also* Doc. 11 at 1–2.

Case No. 1:22-cv-00533
GWIN, J.

The ALJ's decision is **VACATED**, and this case is **REMANDED** for further proceedings consistent with this Order and the adopted portions of the R&R.

IT IS SO ORDERED.

Dated: September 21, 2023              *s/       James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE